IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Regina G. Cornelius, <br><br> Plaintiff <br> v. <br><br> Simply Wireless dba as SPRINT by MobileNow, <br><br> Defendant. | C/A. No. 3:17-cv-3392-CMC-PJG <br><br><br><br> **Opinion and Order** |

Through this action, Plaintiff Regina G. Cornelius ("Plaintiff"), proceeding *pro se*, seeks recovery from her former employer, Simply Wireless dba as SPRINT by MobileNow ("Defendant"), for alleged employment discrimination. The matter is before the court on Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6). ECF No. 51. After entry of a *Roseboro* Order, Plaintiff filed a response in opposition. ECF Nos. 52, 60. Defendant filed a reply (ECF No. 65) and Plaintiff filed a sur reply (ECF No. 68).

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), (g), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On August 1, 2018, the Magistrate Judge issued a Report recommending that Defendant's motion to dismiss be granted and this action dismissed with prejudice.[1] ECF No. 79. The Magistrate Judge advised the parties of the procedures and

---

[1] The Magistrate Judge also recommended denying Plaintiff's motion for summary judgment (ECF No. 44) and terminating as moot the following motions: Plaintiff's motion "to deny Defendant's request for deposition" (ECF No. 61), Plaintiff's motion to compel (ECF No. 62), Defendant's motion for sanctions and to extend deadlines (ECF No. 69), and Plaintiff's motion for sanctions (ECF No. 75).

requirements for filing objections to the Report and the serious consequences if they failed to do so. On August 15, 2018, Plaintiff filed objections to the Report. ECF No. 82. This matter is now ripe for resolution.

**I. Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**II. Discussion**

The Magistrate Judge recommends dismissing Plaintiff's claim of discrimination based on sex due to failure to exhaust administrative remedies, as Plaintiff did not indicate in her administrative charge she was discriminated against based on sex, but focused on discrimination based on race. ECF No. 79 at 7. The Report further recommends dismissal of the retaliation claim because Plaintiff failed to allege facts tending to show she engaged in protected activity prior to any alleged adverse action. *Id.* at 9. Because the Report found Plaintiff "has failed to identify any facts suggesting [her] complaints informed the defendant that her treatment was based on a

2

protected characteristic," the Magistrate Judge recommends dismissal with prejudice as Plaintiff would be unable to amend her complaint to allege the facts necessary to establish a retaliation claim. *Id.* at 10.

Plaintiff presents several objections to the Report. She first details her "story" of employment at Sprint. ECF No. 82. She notes she "stands behind the category of Gender Discrimination and Retaliation, as I was treated less favorably by my male colleagues, which I constantly complained about, it is my contention that my efforts to extend my requests outside the walls of Simply Wireless was one of the many excuses used to terminate my position." *Id.* at 5. She "admits [she] was a bit unclear of which category to select during my Initial Complaint, but it's transparently clear Mr. Olon committed crimes under Title VII of the Civil Rights Act of 1964." *Id.* She argues she "was completely unaware that I had not submitted or checked the correct box or specific category, especially considering the fact that I reached out to this Court quite often to ensure that all Motions has been addressed, and I was informed that they were." *Id.* at 6. In objecting to the recommendation of dismissal, she asserts she "made every attempt to address each matter specifically in an effort of ensuring that all issues were rectified." *Id.* at 7. She requests Defendant "be held accountable for perjured testimony," and that her motions not be terminated as moot. Finally, she contends Defendant "should not be let off the hook because I couldn't identify with complete transparency the actual specific category of (their) actions of discrimination and misconduct from the outset." *Id.*

    *a. Discrimination Claim(s)*

The court agrees with the Magistrate Judge Plaintiff's claim of discrimination based on sex fails as a matter of law, as Plaintiff failed to exhaust administrative remedies. Plaintiff filed a Charge of Discrimination with the South Carolina Human Affairs Commission and the Equal

Employment Opportunity Commission ("EEOC") on June 6, 2017. ECF No. 1-1 at 6. Plaintiff checked a box alleging discrimination based on race and retaliation, but did not check the box for sex. *Id.* Further, Plaintiff's allegations regarding the discrimination make no mention of her sex or the sex of any other employee who allegedly mistreated or discriminated against her. *Id.* Instead, the allegations focus on race, noting "white managers are treated more favorably. . . . I contend that the maltreatment was because of my race and in retaliation for my complaints. . . . Therefore, I believe I was discriminated against based on my race (black) . . ." *Id.* These allegations are simply insufficient to exhaust a discrimination claim based on sex.

Although Plaintiff argues she "was a bit unclear" as to which category to select "during my Initial Complaint," the deficiency is due to the differing allegations in the Charge of Discrimination and the Amended Complaint in this lawsuit. The Charge contains allegations of discrimination based on race, and the Amended Complaint[2] alleges Plaintiff was discriminated against based on her sex. "The scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents. . . . a claim in formal litigation will generally be barred if the EEOC charge alleges discrimination on one basis, such as race, and the formal litigation claim alleges discrimination on a separate basis, such as sex." *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009).

---

[2] As recognized by the Magistrate Judge, Plaintiff's initial Complaint alleged only "discrimination," but included materials that could be read to include a claim of racial discrimination. However, this filing was superseded by Plaintiff's Amended Complaint, which raises only claims of discrimination based on sex and retaliation. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect. Thus, if an amended complaint omits claims raised in the original complaint, the plaintiff has waived those omitted claims.").

4

Because Plaintiff failed to exhaust administrative remedies as to her claim of discrimination based on sex, this court lacks subject matter jurisdiction over this claim. *Jones*, 551 F.3d at 300. Therefore, Defendant's motion to dismiss is granted, and this claim is dismissed for lack of subject matter jurisdiction.[3]

    *b. Retaliation Claim*

The Report recommends dismissing Plaintiff's retaliation claim because, despite the alleged numerous complaints mentioned in the Amended Complaint, she has failed to allege she notified Defendant she was being treated unfairly due to any protected characteristic under Title VII. ECF No. 79 at 9-10. This court agrees.[4]

Moreover, the retaliation claim that was administratively exhausted was based on her alleged complaints of discrimination based on race. Although the box for "retaliation" was checked on the charge, the narrative was solely based on allegations of discrimination based on race and retaliation based on protected activity related to race. There was no mention of discrimination based on sex or protected activity undertaken by Plaintiff based on her sex. *See Chacko*, 429 F.3d at 509 ("Our cases make clear that the factual allegations made in formal litigation must correspond to those set forth in the administrative charge."); *Evans v. Tech.*

---

[3] No amendment could cure the defect as a new administrative charge of discrimination based on sex would be untimely. 42 U.S.C. § 2000e-5(e)(1) (in a "deferral state," charge must be filed with the appropriate state agency within three hundred days after the alleged unlawful employment practice occurred); *Alford v. Wang, Inc.*, 11 F.Supp.3d 584, 593 (D.S.C. 2014) (South Carolina is a deferral state). The time in which Plaintiff would have had to file a charge based on sex and/or retaliation based on sex expired on November 9, 2017, 300 days after her resignation, which was effective January 13, 2017. This court finds no basis for equitable tolling of that deadline. *Chacko v. Patuxent Inst.*, 429 F.3d 505, 516 n.5 (4th Cir. 2005) (time limit subject to equitable tolling).

[4] The court also agrees with the Magistrate Judge Plaintiff is "unable to further amend her Amended Complaint to cure this defect." ECF No. 79 at 10.

5

*Applications & Servs. Co.*, 80 F.3d 954, 962-63 (4th Cir. 1996) ("The allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint. Only those discrimination claims stated in the original charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit."); *Steffen v. Meridian Life Ins. Co.*, 859 F.2d 534, 544 (7th Cir. 1988) ("[A]llowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge . . .").

## III. Conclusion

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Defendant's objections, the court adopts the Report. Plaintiff's claim for discrimination based on sex is dismissed for lack of subject matter jurisdiction, and her claim for retaliation is dismissed with prejudice for failure to state a claim for the reasons set forth above and in the Report. Plaintiff's motion for summary judgment is denied (ECF No. 44), and the following motions are moot: ECF Nos. 61, 62, 69, and 75.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
September 13, 2018